# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

T.R. KISOR,

    Plaintiff,

vs.                                         No. CV 17-00381 WJ/CG

B. JUDD, WARDEN,
CORE CIVIC,
DEPARTMENT OF CORRECTIONS,
and ALL STAFF ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Complaint for Violation of Civil Rights filed by Plaintiff T.R. Kisor on March 27, 2017 ("Complaint"). (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted, but will grant Plaintiff Kisor the opportunity to file an amended complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff T.R. Kisor is a prisoner at the Northwest New Mexico Correctional Facility ("NNMCF") in Grants, New Mexico. (Doc. 1 at 2). Plaintiff Kisor filed his civil rights Complaint against B. Judd, Warden of NNMCF, Core Civic, operator of NNMCF, the New Mexico Department of Corrections, and "all staff." (Doc. 1 at 2-3). His Complaint contains a list of 33 alleged constitutional and civil rights violations, ranging from "evil and malice intent" to "making me send my T.V. home." (Doc. 1 at 12-13). As his request for relief, Kisor states:

> "My relief is 20,000,000. They need to start following policy and procedures and need a federal monitor put in place and a dietician appointed. Programs in education and all higher authority replaced.

> They don't follow policy or procedures the kitchen is a mess
> and all staff are improperly trained in all aspects of there jobs."

(Doc. 1 at 5). He also alleges:

> "I have no confidence in any of the staff at this prison and feel
> my life is in danger in this prison or any of the New Mexico state
> prisons due to my law suits against Department of Corrections.
> I would like to be moved to a federal facility for my safety."

(Doc. 1 at 13). His Complaint does not identify any individual official other than Warden Judd and contains no factual allegations of conduct to support any of his 33 claimed civil rights violations.

## **STANDARDS FOR FAILURE TO STATE A CLAIM**

Plaintiff Kisor is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. §

1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## ANALYSIS OF PLAINTIFF KISOR'S CLAIMS

The Complaint names the Department of Corrections as a Defendant. (Doc. 1 at 3). Section 1983 provides:

> "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The Department of Corrections is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the Department of Corrections under § 1983. The claims against the Department of Corrections fail to state a claim for relief and will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Kisor also names B. Judd, Warden and "any and all staff who have had contact with me or my file" as Defendants in this case. (Doc. 1 at 2-3). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by identified government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242,

1249-50 (10th Cir. 2008) (emphasis in the original). Generalized allegations against "defendants", without identification of actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Although Kisor's Complaint identifies Warden Judd, the Complaint is devoid of any factual allegations of conduct on the part of Warden Judd. Kisor does not allege any act done by Warden Judd, much less an act that violated any constitutional right. The Complaint fails to state any claim for relief against Warden Judd. *Fogarty v. Gallegos,* 523 F.3d at 1162. Additionally, Kisor's generalized references to "all staff" fail to identify any specific official and are factually insufficient to make clear *who* is alleged to have done *what to whom*. The Complaint fails to state any civil rights claim for relief against any individual official. *Robbins v. Oklahoma,* 519 F.3d at 1249-50; *Twombly*, 550 U.S. at 555.

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability. A plaintiff must plead that government officials, through the official's own individual actions, violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). The Complaint fails to state any claim for relief against Core Civic under §1983 in the absence of any factual allegations of conduct by individual employees of Core Civic that violated Kisor's constitutional rights.

The Complaint is factually insufficient and fails to state any claim for relief. *Twombly,* 550 U.S. at 570. The Court will dismiss the Complaint and will grant Kisor the opportunity to file an amended complaint specifying individuals and the individualized actions at NNMCF that he claims resulted in violation of his constitutional rights. *Hall v. Bellmon,* 935 F.2d at 1110, nt.

3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings).[1] The amended complaint must state the facts of each separate claim and why Plaintiff believes his constitutional rights were violated. He should include identities of individual defendants and their official positions, a description of their actions, and relevant dates, if available. *See Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir.1988). Kisor may not re-name the Department of Corrections as a defendant. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64. Nor may he allege any claims relating to any facility other than NNMCF.

The Court also notifies Kisor that, because he is no longer incarcerated at NNMCF, he may not assert any claims for injunctive relief in an amended complaint. *See* Doc. 9. A prisoner plaintiff may not maintain § 1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility. *See Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997); *White v. State,* 82 F.3d 364, 366 (10th Cir.1996). Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. *Green,* 108 F.3d at 1300; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). The rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where the prisoner is transferred to a different prison facility. *See Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985).

**IT IS ORDERED:**

(1) the Department of Corrections is **DISMISSED** as a party to these proceedings;

---

[1] The Prison Litigation Reform Act requires that a prisoner complaining of prison conditions exhaust his prison remedies prior to filing suit. 42 U.S.C. § 1997e(a). Because of the complete factual insufficiency of the Complaint, the Court will not reach the question of exhaustion of remedies in this case unless Plaintiff files an adequate amended complaint.

(2) the Complaint for Violation of Civil Rights filed by Plaintiff T.R. Kisor on March 27, 2017 ("Complaint") (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted; and

(3) Plaintiff Kisor is granted leave to file an amended complaint within 30 days of entry of this Order. If Kisor fails to timely file an amended complaint, or files an amended complaint that again fails to state a claim for relief, the Court may dismiss this action with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE