# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

T.R. KISOR,

    Plaintiff,

vs.                       No. CV 17-00381 WJ/CG

B. JUDD, WARDEN,
CORE CIVIC,
DEPARTMENT OF CORRECTIONS,
and ALL STAFF ET AL.,

    Defendants.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* on the Complaint for Violation of Civil Rights filed by Plaintiff T.R. Kisor on March 27, 2017 ("Complaint"). (Doc. 1). The Court previously dismissed the Complaint without prejudice for failure to state a claim and with leave to amend. Plaintiff has failed to timely amend and the Court now dismisses the Complaint with prejudice.

## Factual and Procedural Background

At the time of the events underlying his Complaint, Plaintiff T.R. Kisor was a prisoner at the Northwest New Mexico Correctional Facility ("NNMCF") in Grants, New Mexico. (Doc. 1 at 2). Plaintiff Kisor filed his civil rights Complaint against Defendants B. Judd, Warden of NNMCF, Core Civic, operator of NNMCF, the New Mexico Department of Corrections, and "all staff." (Doc. 1 at 2-3). His Complaint lists 33 alleged constitutional and civil rights violations, including "evil and malice intent," "no jobs," and "making me send my T.V. home." (Doc. 1 at 12-13). Kisor's request for relief states:

    "My relief is 20,000,000. They need to start following policy and

> procedures and need a federal monitor put in place and a dietician appointed. Programs in education and all higher authority replaced. They don't follow policy or procedures the kitchen is a mess and all staff are improperly trained in all aspects of there jobs."

(Doc. 1 at 5). He also alleges:

> "I have no confidence in any of the staff at this prison and feel my life is in danger in this prison or any of the New Mexico state prisons due to my law suits against Department of Corrections. I would like to be moved to a federal facility for my safety."

(Doc. 1 at 13). The Complaint fails to identify any official other than Warden Judd and is devoid of any factual allegations of conduct by an individual official to support any of the 33 claimed civil rights violations.

The Court dismissed the New Mexico Department of Corrections as a party and dismissed Plaintiff Kisor's Complaint without prejudice on the grounds that the Complaint fails to state any claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). (Doc. 13). Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), the Court advised Kisor of the deficiencies in his Complaint and granted him leave to file an amended complaint within 30 days of entry of the Court's Memorandum Opinion and Order. (Doc. 13 at 5-7). The Court also notified Kisor that, if he did not file an amended complaint within the 30-day time period, the Court could dismiss the Complaint with prejudice. (Doc. 13 at 7). More than 30 days has elapsed since entry of the Court's June 4, 2018 Memorandum Opinion and Order, and Plaintiff Kisor has failed to file an amended complaint or otherwise respond to the Court's order.

## The Court Will Dismiss With Prejudice for Failure to State a Claim and Failure to Amend

The Court dismissed Plaintiff Kisor's claims on the grounds that the allegations of his Complaint fail to state a claim for relief under 42 U.S.C. § 1983. Although Kisor's Complaint identifies Warden Judd, the Complaint is devoid of any factual allegations of conduct on the part

of Warden Judd. Kisor does not allege any act done by Warden Judd, much less an act that violated any constitutional right. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Additionally, Kisor's generalized references to "all staff" fail to identify any specific official and are factually insufficient to make clear *who* is alleged to have done *what to whom*. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Last, the Complaint fails to state any claim for relief against Core Civic under §1983 in the absence of any factual allegations of conduct by individual employees of Core Civic that violated Kisor's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). The Complaint is factually insufficient and fails to state any claim for relief. *Twombly,* 550 U.S. at 570.

The Court granted Kisor the opportunity to file an amended complaint specifying individuals and the individualized actions at NNMCF that he claims resulted in violation of his constitutional rights. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings). The Court notified Kisor that the amended complaint must state the facts of each separate claim and why Plaintiff believes his constitutional rights were violated. *See Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir.1988). (Doc. 13 at 5-7). Kisor did not file an amended complaint and has not responded to the Court's June 4, 2018 Memorandum Opinion and Order or otherwise communicated with the Court. Because the Complaint fails to state a claim for relief and Plaintiff Kisor has not filed any amended complaint or attempted to respond to the Court's Memorandum Opinion and Order, the Court declines to grant Plaintiff further leave to amend and will dismiss this case with prejudice. *See, Calderon v. Kan. Dep't of Soc. & Rehab. Servs.,* 181 F.3d 1180, 1186-87 (10th Cir.1999); *Castleglen, Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1585 (10th Cir.1993).

## **The Court Will Impose a Strike Under 28 U.S.C. § 1915(g)**

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Kisor's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the Prison Litigation Reform Act § 1915(g). Kisor is notified that, if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) the Motion to Compel a Response filed by Plaintiff T.R. Kisor on January 9, 2018 (Doc. 11) is **DENIED** as moot;

(2) the Complaint for Violation of Civil Rights filed by Plaintiff T.R. Kisor on March 27, 2017 (Doc. 1) and all claims and causes of action are **DISMISSED** with prejudice for failure to state a claim on which relief can be granted;

(3) a **STRIKE** is imposed against Plaintiff T.R. Kisor under 28 U.S.C. § 1915(g); and

(4) final judgment will be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE